**E-FILED**
Monday, 20 November, 2006  09:18:51 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


JASON A. SNIDER,

       Plaintiff,

    v.                                       06-3217


PIKE COUNTY JAIL,

       Defendant.

## **Merit Review Order**

The plaintiff, currently incarcerated in Lawrence Correctional Center, filed this action regarding the alleged lack of medical treatment he received at Pike County Jail for his wrist.

The court is required to conduct a merit review of the Complaint to identify cognizable claims and dismiss those that are not.  28 U.S.C. §1915A.   The merit review standard is the same as the motion to dismiss standard.  The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

The allegations are set forth as true for purposes of this order only.

The plaintiff injured his wrist in June 2005.  He received a half cast at the hospital and was scheduled to see a bone specialist in July 2005.  However, the plaintiff injured his wrist again on July 7, 2005 and was arrested on July 10, 2005 and held in Pike County Jail.

At Pike County Jail, the plaintiff complained to an unidentified nurse about his wrist injury.  The nurse gave him Ibuprofen and an ace bandage, but the plaintiff continued to have pain.  The plaintiff saw the nurse again, who responded that there was nothing wrong with the plaintiff's wrist.  However, the nurse did request and receive from the hospital the plaintiff's medical records regarding his June 2005 injury.  After reviewing those records, the nurse told the plaintiff there was nothing wrong with his wrist, despite the plaintiff's insistence that he had re-injured the wrist in July.  The nurse denied the plaintiff's request for an x-ray.  The plaintiff realized at that point that he was not going to get proper medical treatment for his wrist at the

Jail.[1]

When the plaintiff arrived at Lawrence Correctional Center, he again sought treatment for his wrist. X-rays were taken in October 2005, which revealed two roaming bone fragments in the plaintiff's wrist. Initially, the plaintiff was treated conservatively, but at some point after March 2006 the plaintiff was recommended for surgery. The recommended surgery was still pending at the time the plaintiff filed this complaint in September 2006.

The plaintiff sues only Pike County Jail, which is not a suable entity. If the plaintiff intends to sue Pike County, he can only do so for the *County's* unconstitutional policies or practices. See *Billings v. Madison Metropolitan School Dist.*, 259 F.3d 807, 816 (7th Cir. 2001), *citing McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Constitutional violations of county employees cannot be attributed to the county just because the employees work for the county. "A municipality may not be held liable under § 1983 on a respondeat superior theory." *Latuszkin v. City of* Chicago, 250 F.3d 502, 504 (7th Cir. 2001), *citing Monell v. Department of Social Serv.*, 436 U.S. 658, 690 (1978). No inference of any unconstitutional practice or policy by the County arises.

If the plaintiff is trying to sue the unidentified nurse individually, the court does not believe a reasonable inference arises that the nurse violated the plaintiff's constitutional rights.

Deliberate indifference to a prisoner's serious medical needs amounts to cruel and unusual punishment under the Eight Amendment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).[2] A serious medical need cannot be ruled out. However, there is no reasonable inference of "deliberate indifference." Deliberate indifference is not negligence or even gross negligence. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). To show deliberate indifference, the plaintiff must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001), *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer v. Kendall County*, 220 F.3d

---

[1]Plaintiff does not say whether there were any administrative remedies available to him at the *Jail*, such as a grievance procedure. For purposes of this order, the court assumes that the plaintiff exhausted all available administrative remedies at the Jail (if there were any). Failure to exhaust administrative remedies is grounds for dismissal on a motion for summary judgment. *See Woodford v. Ngo*, 126 S.Ct. 2378 (2006)(inmates must timely exhaust all available grievance procedures).

[2]The plaintiff may have been a pretrial detainee, in which case his claim would fall under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment, but "there is 'little practical difference between the two standards.'" *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001), *citing Weiss v. Cooley*, 230 F.2d 1027 (7th Cir. 2000).

805, 810 (7th Cir. 2000).

Here, the nurse provided pain medication and an ace bandage, and sought and reviewed the plaintiff's hospital medical records. The nurse did deny the plaintiff's request for an x-ray, but no deliberate indifference arises from that refusal, given the relatively short amount of time the plaintiff stayed at the Jail–about three months, as the prison medical records attached to the Complaint show the plaintiff was seen at the IDOC prison on October 14, 2005 for his wrist. At most, the nurse's refusal to order an x-ray delayed for three months the discovery of the bone fragments in the plaintiff's wrist. No reasonable fact finder could conclude that delay could rise to deliberate indifference on the nurse's part under any facts that might be proven consistent with the allegations and attachments to the Complaint. *See International Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999)(attachments to complaint part of complaint); *Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996)( "'An inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed.'"(emphasis in *Langston*)). In short, the court finds that the plaintiff has pleaded himself out of court.

IT IS THEREFORE ORDERED:

1)      The plaintiff's complaint is dismissed for failure to state a claim pursuant to the court's merit review under 28 U.S.C. Section 1915(g). All pending motions are denied as moot, and this case is closed;

2)      This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).

3)      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee no matter the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff might accumulate another strike under 28 U.S.C. 1915(g).

Entered this 20th Day of November, 2006.

**s/Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3